# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-2069V
UNPUBLISHED

| | |
|---|---|
| LORI ROULETTE,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: May 9, 2022<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Table Injury; Influenza (Flu);<br>Shoulder Injury Related to Vaccine<br>Administration (SIRVA). |

*Jeffrey S. Pop, Jeffrey S. Pop & Associates, Beverly Hills, CA,* for Petitioner.

*Terrence Kevin Mangan, Jr., U.S. Department of Justice, Washington, DC,* for Respondent.

## DECISION ON DAMAGES[1]

On December 30, 2020, Lori Roulette filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of the influenza ("flu") vaccine administered on October 23, 2019. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On May 6, 2022, Respondent filed a combined Rule 4(c) Report and Proffer in which he conceded that Petitioner was entitled to compensation for her SIRVA. Rule 4(c) Report and Proffer at 1, 4-5. On May 9, 2022, I issued a Ruling on Entitlement.

---

[1] Because this unpublished opinion contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the opinion will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Respondent represents that Petitioner agrees to his proffer on an award of compensation. Rule 4(c) Report and Proffer at 5. Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the combined Rule 4(c) Report and Proffer,[3] **I award Petitioner a lump sum payment of $91,657.17 (representing $90,000.00 for pain and suffering, and $1,657.17 for past unreimbursed expenses) in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Because the combined Rule 4(c) Report and Proffer contains information regarding Petitioner's personal medical history, which is not generally included in a Proffer when separately filed, it is not attached hereto.

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.